IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DANIEL YAPP,[1] | § | |
| | § | No. 333, 2020 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CK10-02177 |
| TINA VALDEZ, | § | Petition Nos. 20-06209 |
| | § | 20-08000 |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: May 28, 2021
Decided: July 13, 2021

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

# O R D E R

After careful consideration of the opening brief and the record on appeal, we conclude that the judgment below should be affirmed on the basis of the Family Court's order dated September 3, 2020. The appellant ("Father") has not demonstrated that the Family Court abused its discretion when it determined that Father shall have (i) monthly in-person contact with the children at the correctional facility where he is incarcerated if he can arrange for the children's transportation to and from the facility, (ii) telephone contact with the children twice weekly, and (iii)

---

[1] The Court previously assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).

video contact with the children once weekly.[2] The Family Court considered the applicable factors under 13 *Del. C.* § 728(d), and it appears that the court's findings of fact, inferences, and deductions are the product of an orderly and logical deductive process.[3] The Family Court also did not abuse its discretion by admitting into evidence, over Father's objection, copies of text messages that Father sent to the appellee, where Father could not demonstrate how he was prejudiced by their late production.[4] Finally, we find no reversible error in the Family Court's conclusion that the appellee demonstrated just cause for her failure to transport the children to visits with Father at the correctional facility in January and February 2020, in violation of a consent order that required her to do so.[5]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice

---

[2] *See Scott v. Kraft*, 2015 WL 5451697, at *2 (Del. Sept. 15, 2015) (reviewing Family Court's order regarding visitation in a correctional facility for abuse of discretion).
[3] *Id.*
[4] *See Delong v. Stanley*, 1997 WL 673713, at *2 (Del. Oct. 9, 1997) ("We review a trial court's decision regarding the admission of evidence for abuse of discretion.").
[5] *See generally Walton v. Walton*, 2003 WL 22992210 (Del. Dec. 17, 2003) (affirming Family Court's denial of father's request to hold mother in contempt because mother's lack of compliance "appeared to stem from a lack of communication between the parties, responsibility for which lies equally with [mother and father]").